HUDSON COUNTY CIRCUIT COURT.

IN THE MATTER OF ASSESSMENT FOR ALLEGED BENE-
FITS CONFERRED UPON LOTS AND PARCELS OF LAND
AND REAL ESTATE IN THE TOWNSHIP OF NORTH
BERGEN, IN THE COUNTY OF HUDSON, UNDER ORDI-
NANCE ENTITLED "AN ORDINANCE PROVIDING FOR
THE CONSTRUCTION OF AN OUTLET SEWER SYSTEM
IN THE NORTHERN PART OF THE TOWNSHIP OF
NORTH BERGEN IN THE COUNTY OF HUDSON," ETC.,
ADOPTED APRIL 24TH, 1924, SAID ASSESSMENT CON-
FIRMED JANUARY 31ST, 1929, ETC. ON APPEAL OF
JOHN A. WINTERBURN.

Decided July 23d, 1932.

For the appellant John A. Winterburn, *Wall, Haight,
Carey & Hartpence (John W. Ockford,* of counsel).

For the township of North Bergen, *Mark A. Sullivan* and
*Nicholas S. Schloeder.*

BROWN, C. C. J. This matter comes before the court on
an appeal from a resolution of the township committee of the
township of North Bergen confirming an assessment for the
construction of an outlet sewer system commonly known as
the northern outlet sewage system. On January 31st, 1929,
the township of North Bergen caused to be constructed an
outlet sewer in the northern part of that township consisting
of a main outlet sewer; a sewage disposal plant with main
and laterals to be used for sanitary and storm water purposes.
The improvement in question was undertaken under the au-
thority of Article XX of the Home Rule act of 1917, the
pertinent provisions of which are as follows:

"Local improvement defined. 1. A local improvement is one, the cost of which, or a portion thereof, may be assessed upon lands in the vicnity thereof benefited thereby.

Every municipality may undertake any of the following works as a local improvement:

(h) Sewers and drains—sewage disposal. The constructing, reconstructing, enlarging or extending a sewer or drain in, under or along a street, road, avenue, alley or public highway, or portion thereof, or in, under or along any public or private lands; the constructing, reconstructing, enlarging or extending of a system of sewerage or drainage or both combined; the constructing, reconstructing, enlarging or extending system of drainage of the marshes, and wet lowlands, within the municipality; the constructing, reconstructing, enlarging or altering a system of works for the sanitary disposal of sewage or drainage."

According to the statutory direction the amount of assessments should reflect the peculiar benefits received by the property shown to be assessed. The benefits may be direct or indirect. The appellant John Winterburn was assessed in the sum of $7,035.36 upon a tract of land containing two and twenty-eight one-hundredths acres. The Winterburn property consists of low meadow lands not in use for any purpose whatsoever.

Prior to the assessment the township for the purpose of carrying on the sewer project had acquired a part of the land assessed against Winterburn. The township concedes that the assessment is incorrect in so far as it assesses against Winterburn the property acquired by the township and that instead of Winterburn being assessed for two and twenty-eight one-hundredths he should be assessed for two and thirteen one-hundredths acres. This correction would result in a reduction of $458 in the assessment charged against the Winterburn land.

The question for decision is whether or not Winterburn should be assessed at all for the remainder of the land that is concededly owned by him. The nearest physical approach

or contact of the Winterburn land with the northern outlet sewer is a pipe line that is used as an overflow from the disposal plant or other parts of the sewage system across the land transferred from Winterburn to the municpality. The testimony remains uncontradicted by two competent engineers that from an engineer's standpoint it is impossible for the lands of Winterburn to be used in any way or be benefited by the northern outlet sewer, its disposal plant or any of its connections; that in order for the Winterburn property to receive any benefit from this sewer system it would be necessary to lay a pipe some nine hundred feet in length or erect a pumping station at a cost from $6,000 to $10,000 and acquire land for that purpose. It was conceded by all parties that it was impossible for the Winterburn property to be connected to the twenty-inch cast iron pipe overflow. There is testimony by a real estate expert on the part of the township that there is a prospective benefit to the Winterburn property from this improvement; notwithstanding, that it is now physically impossible to use the sewage system. It is a question of actual present availability that the court is concerned with and not what can be done by the construction of additional facilities. *Milburn Township* v. *Smith*, 9 *N. J. Mis. R.* 307; 153 *Atl. Rep.* 637.

From the testimony in this case it appears almost conclusively and certainly by the greater weight of the evidence that the Winterburn property assessed has not received, by the improvement in question, any appreciable benefit therefrom. There being no actual present benefits received by the land in question either directly or indirectly, and that the Winterburn land cannot be benefited by the improvement except by the construction of additional facilities, it follows that the assessment made against the property of John A. Winterburn should be set aside and an order may be entered accordingly.